IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
———————————————————————————

UNITED STATES OF AMERICA

    -v-                                     22-CR-175

YUSEF E. MALIK MYRICK,

                  Defendant.
———————————————————————————

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR A HEARING PURSUANT TO FEDERAL RULE OF EVIDENCE 412

      **THE UNITED STATES OF AMERICA**, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorneys, respectfully file this response to the defendant's *pro se* motion for a hearing pursuant to Federal Rule of Evidence 412. As set forth below, because the defendant is attempting to use Rule 412 for the introduction of irrelevant and prejudicial evidence, the defendant's motion should be denied.

### INTRODUCTION

      On November 16, 2022, a Federal Grand Jury returned a 43-count Indictment charging Defendant Myrick and co-defendant Lily Brandow.[1] Defendant Myrick was charged in 41 counts of the Indictment relating to the defendant's sexual exploitation of six minor victims (Victims 1, 2, 3, 7, 17, and 19), which included the defendant using the victims to produce, transport, distribute, and/or receive child pornography, with some of the conduct involving the defendant engaging in sexual activity with the minors while he recorded it. The

---

[1] On August 14, 2024, co-defendant Lily Brandow pled guilty to count 43 of the Indictment and is awaiting sentencing.

defendant is also charged with cyberstalking the six minor victims and four other adult victims, obstructing justice by instructing his co-defendant to destroy evidence, tampering with a witness, and possessing a cellular telephone that contained child pornography.

On October 15, 2025, the defendant filed a motion for a hearing pursuant to Rule 412 of the Federal Rules of Evidence. *See* Dkt. #157 (hereinafter "Motion"). Specifically, in his Motion the defendant requests a hearing to determine the admissibility of evidence relating to the prior sexual behavior of several victims in the case. As outlined below, the defendant's Motion sets forth no valid basis for the admission of evidence regarding the prior sexual behavior of the victims, and as such, the Court should deny the defendant's Motion.

## **ARGUMENT**

Rule 412 of the Federal Rules of Evidence states that in criminal cases involving alleged sexual misconduct, "evidence offered to prove that a victim engaged in other sexual behavior" and "evidence offered to prove a victim's sexual predisposition" is inadmissible. Fed. R. Evid. 412(a). "Sexual behavior" encompasses all "activities that involve actual physical conduct, i.e. sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact, such as the use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease. *See* Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that … the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." *Id.* According to the advisory committee notes accompanying this section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the

> rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

*See* Fed. R. Evid. 412, Advisory Committee Notes (1994). Federal Rule of Evidence 412 attempts to accomplish these objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." *Id.*

Rule 412 seeks to protect the victim against the invasion of privacy, potential embarrassment, and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders. *See United States v. Roman*, 884 F. Supp. 124, 125 (S.D.N.Y. 1995); *United States v. Torres*, 937 F.2d 1469, 1472-73 (9th Cir. 1991). Courts of Appeals have consistently upheld the exclusion of evidence regarding the victim's past sexual conduct and alleged sexual predisposition. *See*, *e.g.*, *United States v. Walker*, 917 F.3d 1004, 1008 (8th Cir. 2019) (excluding evidence of the victim's sexual communications with other men); *United States v. Torres*, 937 F.2d at 1472-73 (excluding evidence of sexual conduct of the victim that preceded and was subsequent to the charged conduct); *United States v. Dogskin*, 265 F.3d 682 (8th Cir. 2001) (evidence that witness saw victim in bed with man on morning after rape inadmissible under Rule 412); *United States v. Powell*, 226 F.3d 1181 (10th Cir. 2000) (excluding evidence of victim's past sexually suggestive and flirtatious behavior with other men); *United States v. Powers*, 59 F.3d 1460 (4th Cir. 1995) (evidence regarding victim's sexual relations with her boyfriend held inadmissible); *United States v. Saunders*, 943 F.2d 388 (4th Cir. 1991) (excluding evidence of victim's sexual

relationship with another person); *United States v. Black*, 666 F.2d 43 (4th Cir.1981) (evidence of victim's alleged promiscuity barred by Rule 412).

For a criminal case, Rule 412 allows only admission of such evidence with three very specific exceptions:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

> (C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b)(1). In the present case, none of these exceptions are applicable.

The first exception is clearly not relevant, as the government does not intend to introduce any evidence of semen or physical injury to any victim's genitals. *See generally United States v. White Buffalo*, 84 F.3d 3d 1052, 1054 (8th Cir. 1996) (holding that the defendant cannot rely on this exception when the Government did not introduce any evidence about the victim's past sexual behavior or the presence of semen in the victim). Moreover, with respect to the production of child pornography offenses, unless the defendant is arguing that the victim produced the child pornography for someone other than the defendant, this first exception is inapplicable. *See Walker*, 917 F.3d at 1008-09 (exclusion of evidence proper where the defendant sought to question the victim about the victim initiating conversations with other adults and sending images to other adults).

Subsection (b)(1)(B) has no application to this case because consent is not an element of the offense and cannot be a theory of defense. Based on a plain reading of the charges against the defendant in the Indictment, consent is not a required element. Courts of Appeals

have consistently excluded evidence, and any defense, regarding a minor victim's intent or consent in connection with sexual exploitation, finding that a minor's intent or consent is neither an element of or a defense to these offenses, and is therefore not properly before the jury. *See United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008) (consent of the minor in the production of child pornography in violation of 18 U.S.C. § 2251 was not a defense and evidence of consent was properly excluded); *United States v. Williams*, 529 F.3d 1, 6 (1st Cir. 2008) (even if a minor had consented to transportation for prostitution, consent would not have been legally valid); *United States v. Benais*, 460 F.3d 1059, 1063 (8th Cir. 2006) (finding that under 18 U.S.C. § 2243, consent is not a defense to the federal statutory rape provision); *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003) ("[W]hen sexual assaults are committed upon children ..., consent is not a defense. The reason is that the victims in these cases, because of ignorance or deceit, do not understand what is happening to them. Therefore their 'consent' is of no significance."); *United States v. Pelton*, 578 F.2d 701, 712 (8th Cir. 1978) (consent is not a defense to transportation of a minor for purposes of prostitution in violation of 18 U.S.C. § 2421 nor enticement of a minor to travel for purposes of sexual activity, in violation of 18 U.S.C. § 2422); *see also United States v. Blank*, 2015 WL 4041408, at *15 (D. Md. June 30, 2015) (in a prosecution under § 2251(a), the court noted "[t]here is no physical evidence that can be linked to another perpetrator, and consent is not a permissible defense to the charges."); *United States v. Raplinger*, No. 05-CR-49-LRR, 2006 WL 3455266 (N.D. Iowa Nov. 29, 2006) ("By definition, the victim in a sexual exploitation of a minor case is a minor. A minor cannot consent to being sexually exploited.").

Finally, subsection (b)(1)(C) is not applicable because the exclusion of evidence of prior sexual history does not violate the constitutional rights of the defendant. According to

the legislative history of the Rule, this exception "is intended to cover those infrequent circumstances where, because of an unusual chain of circumstances, the general rule of inadmissibility, if followed, would result in denying the defendant a constitutional right." 124 Cong. Rec. H11944 (daily ed. Oct. 10, 1978) (statement of Rep. Pease). No such circumstances exist in this case. Barring the defense from questioning the victim in this case about her sexual history would not violate the defendant's constitutional rights. The constitutional right to introduce evidence in one's defense is not unlimited and must bow to other legitimate interests. *See Michigan v. Lucas*, 500 U.S. 145, 149 (1991). Whether the victim in this case has a sexual history - or even a sexual predisposition, is simply not a defense to the crimes with which the defendant is charged. Clearly, no blanket constitutional right to confront a victim with past sexual history exists. The right to cross-examination is not unlimited and trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. *See Torres,* at 1473*, quoting United States v. Van Arsdall,* 475 U.S. 673, 679 (1986)*. See also United States v. Terranova*, 750 F. Supp. 3d 15, 31 (E.D.N.Y. 2024) (noting that "the constitutional rights exception is inapplicable because" the defendant's "'constitutional right to present a defense'" does not include "'unfettered presentations of inadmissible and irrelevant evidence.'").

In this case, any evidence that bears directly on the victims' sexual behavior and activities, or predispositions should be prohibited. This type of evidence is explicitly precluded under Rule 412, and the defendant should be instructed prior to commencement of the trial

that he may not introduce such evidence, whether in opening statement or closing argument, or through cross-examination, direct testimony, or documentary evidence.

Aside from Rule 412, evidence relating to the victims' sexual behavior and activities, or predispositions, has no probative value and must be excluded under Rule 401 and 403. Rule 401 defines relevancy as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Insofar as consent is not included in the elements of the offenses and is not a legally cognizable defense, evidence of consent should be excluded. Even if regarded as relevant, such evidence should be excluded under Federal Rule of Evidence 403. "The court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, … wasting time …." Fed. R. Evid. 403. Because evidence of the victims' consent has no probative value, is highly inflammatory, and would only serve to confuse the jury and divert the jury from the real issues in the case, it should be excluded. To admit evidence of consent would constitute a recognition that minors can consent to their own sexual exploitation by others. Just as a minor cannot consent to sexual intercourse, neither can a minor consent to producing child pornography.

Because the victims' prior or subsequent sexual history does not support a defense, evidence of any prior sexual history has no probative value. Such evidence also serves no impeachment purpose. The government intends to introduce testimony on direct examination solely limited to the victims' sexual conduct and online communications with the defendant. Any further inquiry into the details of the victims' sexual history would only serve as an unwarranted intrusion into their private lives, be designed to embarrass them, create unfair

prejudice, and confusion of the issues. *See United States v. Scott*, 2025 WL 1384301, at *9 (E.D.N.Y. May 12, 2025) ("The Court is unpersuaded that this evidence of a witness's prior sexual history, whether offered by the Defendant or the government, will have probative value that outweighs the substantial risk of unfair prejudice that it poses."). Therefore, any such history is properly excluded under Fed. R. Evid. 403.

Finally, throughout the Motion the defendant uses the full names of several of the victims in this case and discusses highly sensitive and personal information relating to their sexual history. Therefore, it is the position of the government that the defendant's unredacted Motion remain filed under seal. However, if all the names listed in the Motion (except the defendant) are redacted so that just the initial of the first name and the initial of the last name remain, then the government would have no objection to the redacted copy being publicly filed.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the court deny the defendant's motion for a hearing to admit evidence regarding any victim's sexual history, alleged consent, or sexual predisposition.

DATED:  Buffalo, New York, November 5, 2025.

Respectfully submitted,

MICHAEL DIGIACOMO
United States Attorney

***S/ AARON J. MANGO***

BY:    _____

AARON J. MANGO
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5882
aaron.mango@usdoj.gov

SASHA K. MASCARENHAS
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5798
Sasha.mascarenhas@usdoj.gov

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

  -v-                                          22-CR-175

YUSEF E. MALIK MYRICK,

                       Defendant.

_____

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 5, 2025, I filed the foregoing **GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR A HEARING PURSUANT TO FEDERAL RULE OF EVIDENCE 412** with the Clerk of the District Court using its CM-ECF system. As the defendant is representing himself *pro se*, I further certify that the foregoing was provided to him via First Class Mail, at his place of incarceration stated below:

                       Yusef E. Malik Myrick – LEGAL MAIL
                       USMS # 79601-509
                       Northeast Ohio Correctional Center
                       2240 Hubbard Road
                       Youngstown, Ohio 44505

                       ***S/ AARON J. MANGO***

                       _____

                       AARON J. MANGO
                       Assistant United States Attorney